UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHN ROBERT BADGER** | **CIVIL ACTION NO. 22-5450** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff John Robert Badger, who proceeds pro se and in forma pauperis, filed this proceeding on approximately September 30, 2022, under 42 U.S.C. § 1983. He names the following defendants: the State of Louisiana and District Attorney John Pham.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that Assistant District Attorney Pham, whom he refers to as "District Attorney,"[2] failed to communicate with him, review his exculpatory evidence, and present his exculpatory evidence to the trial judge. [doc. # 1, p. 3]. He alleges specifically that the evidence shows that a ticket for which he "received several warrants [] is invalid." *Id.* Plaintiff suggests that the Pham acted (or failed act) to interfere with Plaintiff's election campaign. For context, the undersigned presents part of Plaintiff's allegations verbatim: "We all know this is politically fed since I start running for congressman the DA's office watched your parish sheriff's office

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff refers to Pham's office as "District Attorney," but the undersigned takes judicial notice that the District Attorney in Monroe, Louisiana, is Robert S. Tew. *See* https://4thda.org/ (Last visited 10/19/2022). Mr. Pham is presumably an assistant.

Monroe City Marshal's office as well as City Hall in Monroe City yes the mayor's office they're all have been shooting to get me behind bars to keep me from running from running for congressman in district 5. [sic]." *Id.* at 4.

For relief, Plaintiff seeks: (1) "this wiped from [his] record"; (2) compensation for his lost time; (3) "full immunity from [L]ouisiana law"; and (4) $48,000.00. *Id.* at 5.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies

somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional

conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. The State of Louisiana

Plaintiff names the State of Louisiana as a defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[3] Accordingly, the Court should dismiss Plaintiff's claims against the State of Louisiana.

## 3. Immunity from Prosecution

Plaintiff asks the Court to "[a]ward [him] full immunity from [L]ouisiana law." [doc. # 1, p. 5]. The Court should dismiss this request for several reasons.

First, Plaintiff does not identify any cognizable/recognizable immunity.

Second, to the extent he seeks release from confinement or to overturn his conviction, his request is not cognizable in this civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Third, to the extent Plaintiff seeks immunity from further prosecution, he lacks standing because he was convicted and does not allege that there is a real and immediate possibility that defendants will prosecute him again. *See Adams v. Pearl River Valley Water Supply Dist.*, 2022 WL 2829756, at *3 (5th Cir. July 20, 2022) ("To proceed with such a claim for prospective

---

[3] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

injunctive or declaratory relief, a plaintiff must demonstrate continuing harm or a real and immediate threat of repeated injury in the future."); *Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 257 (5th Cir. 2012) ("Humphreys lacks standing to seek an injunction against future prosecution for the same conduct because he alleges no facts indicating that such prosecution is likely, or even threatened."); *Easton v. Wisner*, 68 F.3d 468 (5th Cir. 1995) (concluding, where the plaintiff requested prospective declaratory and injunctive relief against district attorneys, that the plaintiff's requests were moot because he failed "to demonstrate a likelihood that the defendants have any plans to prosecute him on further charges, or that the defendants will likely seek to revoke his probation in the future.").

### 4. Prosecutorial Immunity

Plaintiff claims that Assistant District Attorney Pham failed to communicate with him, review his exculpatory evidence, and present his exculpatory evidence to the trial judge. [doc. # 1, p. 3].

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (holding that a prosecutor's conduct in connection with preparing and filing charging documents was protected by absolute immunity).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges

clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Assistant District Attorney Pham is immune from Plaintiff's claims—only with respect to Plaintiff's request for monetary relief—that Pham failed to meet with Plaintiff to obtain and then present Plaintiff's exculpatory evidence. "[F]ailure to disclose exculpatory evidence is shielded by absolute immunity." *Wooten v. Roach*, 964 F.3d 395, 411 (5th Cir. 2020) (*citing Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003)); *see Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978) (summarizing *Imbler v. Pachtman*, 424 U.S. 409 (1976), thusly: "immunity from liability was applicable even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts casting doubt upon the state's testimony."); *Bradley v. Salvant*, 801 F. App'x 315, 316 (5th Cir. 2020) (finding that a prosecutor was absolutely immune from a claim that the prosecutor "refused to provide information relevant to the trial record . . . .").

Further, that Pham "watched" other entities attempt to interfere with Plaintiff's campaign for elected office does not extinguish Pham's immunity. "Willful or malicious prosecutorial misconduct is egregious by definition, yet prosecutors are absolutely immune from liability for such conduct if it occurs in the exercise of their advocatory function." *Cousin*, 325 F.3d at 635; *see Jones v. Texas*, 267 F. App'x 392, 393 (5th Cir. 2008) (prosecutors do not forfeit immunity simply because the plaintiff alleges that they acted maliciously, intentionally, or in retaliation).

6

Of note, Plaintiff does not allege, for instance, that Pham was "engaged in investigative or administrative tasks." *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 739 (5th Cir. 2019).

Under Plaintiff's allegations, Pham acted only in the course of his role as a governmental advocate. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from a defendant immune from such relief.[4]

**5. Conclusory Request**

For relief, Plaintiff states that he wants "this wiped from [his] record . . . ." [doc. # 1, p. 5]. Plaintiff does not, however, join this request for relief to any claim or allegation. Nor does he explain what he means when he uses the word, "this." Thus, the Court should dismiss Plaintiff's unadorned request for relief.

Further, even assuming Plaintiff seeks expungement, he does not specify which records or what information he seeks to expunge. And even further assuming he seeks to expunge a criminal conviction from his record, his request would be barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See Phillips v. State of Texas*, 2021 WL 1975857, at *2 (5th Cir. May 17, 2021) ("In his prayer for relief, for example, Phillips specifically requests that this court . . . expunge his criminal record. *Heck* bars such a challenge.").

To recapitulate, the State of Louisiana is not amenable to suit under Section 1983, the remaining defendant, Pham, is immune from Plaintiff's requests for monetary compensation, and Plaintiff does not seek any other cognizable relief. Accordingly, the Court should dismiss Plaintiff's claims.

---

[4] "Neither absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983." *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).

### **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff John Robert Badger's claims and requests for relief be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief from a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 19th day of October, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge